NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 18-3314

PETER J. CRESCI; JANE DOES 1-50; JOHN DOES 1-50

v.

SUSAN GYSS, a/k/a SUSAN GYSS GREGORY;
JOHN DOES 1-4; XYZ CORP 1-3, fictitious Corps

PETER J. CRESCI,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-02342)
District Judge: Honorable Kevin McNulty

Submitted Under Third Circuit L.A.R. 34.1(a)
September 24, 2019

Before: McKEE, AMBRO, and ROTH, Circuit Judges

(Opinion filed: February 3, 2020)

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, Circuit Judge

Peter J. Cresci sued Susan Gyss alleging that, as a municipal prosecutor in Bayonne, New Jersey, she harassed him and violated his constitutional rights. His *pro se* complaint brought numerous claims under 42 U.S.C. § 1983, including malicious prosecution, excessive force, false imprisonment, abuse of process, and First Amendment retaliation, as well as various state-law tort claims. The factual assertions in the complaint are not entirely clear, but the essence is that Cresci was charged with harassment of a tenant, and he believes that Gyss behaved improperly in prosecuting that charge.

The District Court granted Gyss's motion to dismiss the complaint. *See Cresci v. Gyess*, 2018 WL 4961466 (D.N.J. 2018). It based its decision principally on a finding that Gyss was absolutely immune from civil suit under § 1983 for her actions as a municipal prosecutor, an argument with which Cresci did not meaningfully engage. *Id*. at *3–*6. Despite this finding, the Court went on to explain why each of Cresci's federal claims merited dismissal for other reasons, including failure to state a valid claim and failure to comply with the statute of limitations. *Id*. at *6–*12.

Having dismissed each of the federal claims, the Court declined to exercise supplemental jurisdiction over Cresci's state law claims, *id*. at *13. It therefore dismissed the entire complaint with prejudice. *Id*.[1]

---

[1] Although normally a complaint would be dismissed without prejudice, Cresci had already withdrawn one complaint in the face of a motion to dismiss and filed an amended complaint. Thus the District Court concluded that amendment would be futile.

Cresci, still acting *pro se*, now appeals, but he does not mention the dispositive issue in the District Court's opinion—prosecutorial immunity—in his opening brief. His reply brief attempts to engage on this issue, but (even setting aside the usual rule that arguments raised for the first time in a reply brief are waived, *see In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003)) offers no substantial reason why the Court erred. Instead, he suggests that "qualified immunity," as he terms it, does not apply at the motion-to-dismiss stage. This is incorrect; both qualified and absolute immunity are not just a defense to liability but "an entitlement not to stand trial," *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985), and therefore may be raised at any point during litigation, including by a motion to dismiss. *See Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008). Next, Cresci suggests that Gyss was not truly a government employee but rather a mere "contractor," and thus she is not entitled to an immunity defense. Although the Court has held that some private contractors providing government services are not entitled to official immunity, *see Richardson v. McKnight*, 521 U.S. 399 (1997), this is not an absolute rule. Rather, it is a narrow exception to the general rule that private contractors rendering government services can assert official-immunity defenses. *See Filarsky v. Deia*, 566 U.S. 377 (2012) (holding that a lawyer retained by the government on a limited basis to conduct an investigation could assert qualified immunity).

The bulk of Cresci's argument, however, is that Gyss violated clearly established rights and would have known that her conduct is wrongful. This might matter were she entitled only to qualified immunity (and, again, if Cresci had not waived the issue). But prosecutors are entitled to *absolute* immunity. *See Imbler v. Pachtman*, 424 U.S. 409

3

(1976).  We do not inquire at all whether a prosecutor's actions were wrongful or unlawful so long as they are "undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  The District Court explained at length why Gyss's alleged actions fell within the scope of her role as a prosecutor and hence were entitled to absolute immunity.  Cresci does not challenge that finding, or its resulting conclusion, aside from his argument about Gyss's supposed contractor status.

We agree with the District Court that Gyss was entitled to absolute immunity from Cresci's federal claims.  Accordingly, Cresci's main arguments on appeal—which challenged only the alternate grounds given for dismissal—are immaterial.  We conclude, moreover, that the denial of supplemental jurisdiction over Cresci's state-law claims was not an abuse of discretion.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction.").

Thus we affirm.

4